IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

(1)  NEW MEXICO CATTLE GROWERS ASSOCIATION;
(2)  TEXAS & SOUTHWESTERN CATTLE RAISERS ASSOCIATION;
(3)  OKLAHOMA FARM BUREAU;
(4)  KANSAS FARM BUREAU;
(5)  CANADIAN RIVER MUNICIPAL WATER AUTHORITY;
(6)  TEXAS CATTLE FEEDERS ASSOCIATION;
(7)  HIGH PLANS UNDERGROUND WATER CONSERVATION DISTRICT #1;
(8)  ENVIRONMENTAL FEDERATION OF OKLAHOMA;
(9)  PROAG OF OKLAHOMA;
(10) SETTLERS DITCH CO.;
(11) OKLAHOMA FARMERS UNION;
(12) OKLAHOMA CATTLEMEN'S ASSOCIATION;
(13) HITCH ENTERPRISES;
(14) PANHANDLE GROUNDWATER CONSERVATION DISTRICT;
(15) KANSAS LIVESTOCK ASSOCIATION;
(16) NORTH PLAINS UNDERGROUND WATER CONSERVATION DISTRICT;  and,
(17) OKLAHOMA PANHANDLE IRRIGATION AND AGRICULTURE ASSOCIATION,

CIV No. 02-0461 LH/RLP

                              Plaintiffs,

v.

GALE NORTON, Secretary of the Interior;  STEVEN WILLIAMS, Director of the U.S. Fish and Wildlife Service;  and THE U.S. FISH AND WILDLIFE SERVICE,

                              Defendants.

1

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Motion to Intervene by Center for Biological Diversity, Inc. (Docket No. 16). The Court, having considered the briefs of the parties as well as relevant case law, concludes that this motion is well taken and shall be **granted.**

**Discussion**

This action challenges the designation of critical habitat for the Arkansas River shiner under the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq.* The Center for Biological Diversity ("CBD") moves to intervene as a matter of right as a defendant in this action, under Federal Rule of Civil Procedure 24(a), or alternatively, for permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). The Defendants have indicated that they neither oppose nor support this motion and Plaintiffs oppose the motion.

**Legal Standards**

FED.R.CIV.P. 24(a)(2) provides, in relevant part, as follows:

> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Accordingly, an applicant may intervene as of right if: (1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impair[ed] or impede[d]"; and, (4) "the applicant's interest is [not] adequately represented by existing parties." *Id.*; *see Coalition of*

*Arizona/New Mexico Counties for Stable Economic Growth v. Dep't of the Interior*, 100 F.3d 837, 840 (10th Cir. 1996). The Tenth Circuit follows a somewhat liberal line in allowing intervention. *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001).

CBD contends that it satisfies all four prerequisites for intervention.

I agree that its motion is timely, in that no significant action has occurred in the case[1], and no prejudice should be incurred by any party, should CBD be allowed to intervene.

Secondly, I am convinced that CBD has a sufficiently significant interest in the subject matter of this litigation. The Tenth Circuit has held that this interest must be "direct, substantial, and legally protectable." *Utah Ass'n of Counties* at 1251 (*citations omitted*). The interest inquiry is "highly fact-specific," and is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id*.

The Tenth Circuit's decision in *Coalition of Arizona/New Mexico Counties* involved a similar issue. In that case, the Tenth Circuit concluded that a "primary advocate" of the Mexican spotted owl during the listing process had sufficient interest to intervene in a challenge to that listing. Specifically, the Tenth Circuit found that an applicant's involvement with the species "in the wild and his persistent record of advocacy for its protection amounts to a direct and substantial interest in the listing of the Owl for the purpose of intervention as of right, even though [the applicant] has little economic interest in the Owl itself." *Id*. at 841.

CBD contends that it was responsible for causing the Service to designate the critical habitat designation challenged by Plaintiffs in this lawsuit[2]; that it has been and continues to be an advocate

---

[1] The lawsuit was filed on April 25, 2002, and the motion to intervene was filed on July 15, 2002.

[2] Relying on the Declaration of Peter Galvin, Attachment B, at ¶3.

for the shiner and its habitat; and that its members have significant personal and professional interests in the conservation of the shiner.[3] These facts are sufficient to convince the Court that CBD has a direct and substantial interest in the subjection of this litigation.

Thirdly, I am convinced by CBD's argument that its ability to protect its interests in the shiner and its habitat would be impaired if Defendants were forced to vacate the critical habitat rule. CBD again analogizes itself to the party seeking intervention in the *Coalition of Arizona/New Mexico Counties for Stable Economic Growth* case, arguing that the same reasoning applies to the present challenge to the shiner's critical habitat.[4] CBD argues that as in the *Coalition* case, Plaintiffs here seek to invalidate a ruling under the Endangered Species Act protecting a species of interest to it. The Tenth Circuit reasoned in *Coalition* that although the applicant could petition to overturn a ruling in favor of plaintiffs in that case, he would "as a practical matter be impaired by the *stare decisis* effect of the district court's decision, not to mention the direct effect of a possible permanent injunction. Furthermore, the Owl and its habitat would not be protected under the Act while [plaintiff] tried to lift such a permanent injunction and [the Service] considered [plaintiff's] new petition." 100 F.3d at 844. I agree that this same reasoning applies to the present challenge to the shiner's critical habitat, and conclude that this third requirement has been met.

Finally, I agree that the interests of the current Defendants in the lawsuit differ from those of the CBD, in that the shiner was listed as threatened by the U.S. Fish and Wildlife Service ("the

---

[3] Specifically, the CBD contends, relying upon ¶¶ 4-6 of Galvin's Declaration, that its members have "significant personal and professional interests in the conservation of the shiner, and enjoy the biological, psychological, and spiritual health benefits that the shiner and its healthy habitat provide, and benefit from the aesthetic and recreational attributes of the species and its healthy habitat as well." (CBD Mot. at 7).

[4] The *Coalition* case involved a challenge to the Service's decision to protect the Mexican Spotted Owl under the Endangered Species Act, seeking delisting of the Owl.

Service") only after the CBD initiated legal action against the Service. Further, I note that the CBD states that it expects the Service to take positions in this litigation that is contrary to the CBD's position and interests. I conclude that the existing parties do not adequately represent the interests of the CBD and that the fourth prerequisite for intervention under Rule 24(a) has been met.

**WHEREFORE,** because all four requirements for intervention under Rule 24(a) have been met[5], the Motion to Intervene by Center for Biological Diversity, Inc. (Docket No. 16) shall be **granted**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**

---

[5] In light of the conclusions stated herein, it is unnecessary to reach the issue of permissive intervention.