IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NEW MEXICO CATTLE GROWERS
ASSOCIATION; TEXAS & SOUTHWESTERN
CATTLE RAISERS ASSOCIATION;
OKLAHOMA FARM BUREAU; KANSAS FARM
BUREAU; CANADIAN RIVER MUNICIPAL
WATER AUTHORITY; TEXAS CATTLE
FEEDERS ASSOCIATION; HIGH PLAINS
UNDERGROUND WATER CONSERVATION DIST. #1;
ENVIRONMENTAL FEDERATION OF OKLAHOMA;
PROAG OF OKLAHOMA; SETTLERS DITCH CO.;
OKLAHOMA FARMERS UNION; OKLAHOMA
CATTLEMEN'S ASSOCIATION; HITCH ENTERPRISES;
PANHANDLE GROUNDWATER CONSERVATION
DISTRICT; KANSAS LIVESTOCK ASSOCIATION;
NORTH PLAINS UNDERGROUND WATER CONSERVATION
DISTRICT; and, OKLAHOMA PANHANDLE IRRIGATION
AND AGRICULTURE ASSOCIATION,**

                              **Plaintiffs,**

v.                                                          Civ. No. 02-461 LH/RHS

**GALE NORTON**, Secretary of the Interior; **STEVEN WILLIAMS**,
Director of the U.S. Fish and Wildlife Service; and **THE U.S. FISH
AND WILDLIFE SERVICE**,

                              **Federal Defendants,**

**CENTER FOR BIOLOGICAL DIVERSITY,**

                              **Intervenor/Defendant.**

### MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Plaintiffs' Motion for Relief from Order (Docket No. 71). The Court has considered this motion, responses thereto filed on July 1, 2005, and a reply

1

brief filed on July 25, 2005[1], as well as prior orders of this Court and other applicable case law. For the reasons stated herein, Plaintiffs' motion shall be **denied**.

**Background**

Plaintiffs, a coalition of 17 agricultural and ranching associations and water supply agencies from New Mexico, Texas, Oklahoma, and Kansas brought this suit in April of 2002. They filed this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, and the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, to challenge the designation of the United States Fish and Wildlife Service ("FWS" or the "Service") for critical habitat for the Arkansas River shine (the "shiner"), 66 Fed. Reg. 19002 (April 4, 2001)(the "Final Rule"). Plaintiffs challenged the Service's Final Rule designating critical habitat for the shiner on several grounds, including an alleged failure by the Service to perform an analysis of the economic and other impacts of designating particular geographic areas of critical areas as critical habitat.

On September 30, 2003, this Court entered a memorandum opinion following its consideration of a joint motion from Plaintiffs and the Federal Defendants for approval of a settlement agreement and an oral motion from the Federal Defendants for voluntary remand. (Docket No. 48). In this opinion, the Court agreed with all of the parties that the Service's designation of critical habitat for the shiner was fatally flawed, and that it must be remanded to FWS. Memorandum Opinion at 4. The Court noted that "in no case may the Service exceed the statutory time limits set forth in the ESA for the promulgating critical habitat designations: the FWS must issue a proposed critical habitat designation for the shiner no later than one year after the date of the

---

[1] The Court has considered the contents of this reply brief, despite the fact that it was not timely served pursuant to the Local Rule 7.6(a) of this Court. *See* D.N.M.LR-Civ. 7.6.

Court's Order in this matter, and a final rule no more than one year later." *Id*.

In the accompanying order, the Court denied the motion for approval of the settlement agreement, and remanded the matter to the Service for issuance of a new critical habitat designation in compliance with the ESA and in compliance with the Court's memorandum opinion. An order of dismissal of the case was entered on September 30, 2003.

The Service published a proposed critical habitat designation on October 4, 2004. On June 16, 2005, the Plaintiffs filed the motion now before the Court pursuant to FED.R.CIV.P. 60, seeking relief from this Court's September 2003 order, specifically asking that the Court grant a six to nine month extension of the September 30, 2005 deadline for the publication of a final designation of critical habitat for the shiner. Plaintiffs argue that with little time left before the deadline, the Service has not taken significant steps that are required by the ESA[2], and that Plaintiffs "will undoubtedly bear the brunt of a critical habitat designation that is rushed through the most important phases of the process in order to meet the deadline in the Court's Order." Pltfs' Mot. at 2.

Although the Federal Defendants neither support nor oppose Plaintiffs' motion, they have submitted the Declaration of Christine Nolin, Acting Deputy Assistant Direct for Endangered Species. *See* Exhibit A to Fed. Defts' Resp. This declaration states that the Service intends to comply with this Court's September 30, 2003 order requiring the Service to complete the final critical habitat determination by September 30, 2005, unless this Court modifies that order. *Id*. at ¶ 2. Ms. Nolin states that the Service intends to have a 30-day comment period from mid-July to mid-August,

---

[2] Specifically, Plaintiffs argue that the Service has not completed or released for public comment the economic analysis or environmental assessment. Even if these are produced right away, Plaintiffs contend that it is doubtful that there will be time for the Service to schedule public hearings, to respond to public input, make meaningful adjustments to the analysis, and designate critical habitat in compliance with the ESA by the current deadline. Pltfs' Mot. at 6-7.

and then have approximately six weeks to review and respond to the comments and to complete the final rule, and that the Service believes it can do this consistently with ESA and APA requirements. *Id*.[3].

**Discussion**

Plaintiffs seek relief from this Court's September 30, 2003 Memorandum Opinion and Order under Rule 60(b)(5), relying on that rule's provision for relief from a judgment or order because "it is no longer equitable that the judgment should have prospective application." Alternatively, Plaintiffs seek relief under Rule 60(b)(6), which allows relief "for any other reason justifying relief from the operation of the judgment." This second "catch-all" category is reserved for extraordinary circumstances. 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 60.48[3][a] (3d ed. 2005).

Attempting to meet their burden to demonstrate that the prerequisites for such relief are satisfied, in large measure Plaintiffs rehash arguments that were rejected by this Court's September 30, 2003 Memorandum Opinion and Order. Specifically, as above-noted, this Court held that "*in no case* may the Service exceed the statutory time limits set forth in the ESA for the promulgating critical habitat designations: the FWS must issue a proposed critical habitat designation for the shiner no later than one year after the date of the Court's Order in this matter, and a final rule no more than one year later. *See* 16 U.S.C. § 1533(a)(3)(A), (b)(3)(B), (b)(6)(A)." Memorandum Opinion at 4 (emphasis added). For reasons stated in that opinion, the Court rejected Plaintiffs' arguments that

---

[3] Ms. Nolin's declaration provides the only evidentiary basis in the record as to the current status of the process of designation of critical habitat. The Court is unable to rely for factual matters upon the arguments or "testimony" of legal counsel contained in Plaintiffs' briefs.

it should exercise its discretion to fashion a longer time frame for the attainment of the proposed and final habitat designations.  The Court obviously considered the deadlines that it imposed to be equitable at the time it entered its Memorandum Opinion.  Plaintiffs have presented no basis on which this Court could conclude that it would no longer be equitable for this decision to remain in full force and effect, or that some extraordinary circumstances have developed to warrant a change in these deadlines.

In fact, Plaintiffs' motion is necessarily based on speculation, given the fact that the process of final designation has not been completed.  Any complaint about the process used by the Service in promulgating the designation is premature until the process has been completed.  Also, as noted above, Plaintiffs have presented only arguments of counsel, and no facts, in support of their motion.

In conclusion, Plaintiffs have failed to meet their burden for relief under either Rule 60(b)(5) or Rule 60(b)(6).  They have presented no factual basis to support a finding of exceptional circumstances, nor have they established that it is "no longer equitable" to apply the deadlines previously imposed by this Court, the statutory deadlines of the ESA.

**WHEREFORE,** for the reasons stated herein, Plaintiffs' Motion for Relief from Order (Docket No. 71) is **denied**.

**IT IS SO ORDERED.**

_____
**SENIOR UNITED STATES DISTRICT COURT**